*995 OPINION.
TeaMmell :
The only issue in this proceeding is whether the petitioner is entitled to the deduction of $30,000, representing the amount placed by him on deposit in a separate fund under the circumstances set out in our findings of fact.
There is nothing in the record to show whether the petitioner’s return was made from books kept on the cash receipts and disbursements basis or from books kept on the accrual basis. If the books were kept on the cash receipts and disbursements basis, the amount in question clearly would not be deductible, since the petitioner had paid nothing on the McCarthy claim, but had only set aside an amount awaiting the outcome of the suit thereon. It was merely a reserve for a future contingent liability.
The petitioner contends that inasmuch as those engaged in business are permitted to deduct additions made to reserves for bad debts, that he as a professional man should be permitted to set up a reserve against the outcome of the suit filed against him. Reserves, however, are not allowable deductions from gross income unless specifically provided for by statute. M. I. Stewart & Co., 2 B. T. A. 737. It is true that the Revenue Act of 1921, the Act under which the petitioner’s tax liability for the year here involved is to be determined, provides under certain circumstances for the deduction of additions to reserves for bad debts. We are not dealing here with a reserve for bad debts, but with^ reserve for a future contingent liability. In considering whether such a reserve was among the specific deductions allowed individuals under the Revenue'Act of 1921, we said in Robert G. Alston, 4 B. T. A. 1159:
These specific deductions do not comprehend any such item as a reserve against a contingent liability. This Board has had occasion to pass upon this question in numerous appeals. In Appeal of Pan-American Hide Co., 1 B. T. A. 1249, it said:
“ Since the statute does not permit a taxpayer to deduct as an expense an amount which he fears he may some day be called upon to spend, there can be no sanction for such a deduction.”
*996 See also Appeals of Thatcher Medicine Co., 3 B. T. A. 154; M. C. Stockbridge, 2 B. T. A. 327; Ederheimier-Stein Co., 2 B. T. A. 711; M. I. Stewart & Co., 2 B. T. A. 737; Northwestern Bakers Supply Co., 2 B. T. A. 834; Morrison-Ricker Mfg. Co., 2 B. T. A. 1008.
We think what we said in the Alston case, sufra, is applicable and controlling here.
This is not a case where liability was admitted. Here the petitioner denied liability and did everything possible to defend the suit. No liability arose during the taxable year or at any other time with respect to the matter. In our opinion the deduction claimed is not allowable.

Judgment will he entered for the respondent.